IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00547-BNB
(**The above civil action number must appear on all future papers
sent to the court in this action.  Failure to include this number
may result in a delay in the consideration of your claims.**)

DAVON Q. WILLIAMS,

    Plaintiff,

v.

THE CITY AND COUNTY OF DENVER,
GARY WILSON, Director, in His Individual Capacity, Denver Sheriff,
DEPUTY SHARP, in His Individual Capacity, Denver Sheriff,
DENVER HEALTH, and
ALEX MARTINEZ, in His Individual Capacity, Manager of Public Safety, City and
    County of Denver,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

The Defendants filed a timely Notice of Removal on March 1, 2013, removing this action from the Denver District Court because the ***pro se*** Complaint contains a claim for violation of the Plaintiff's constitutional rights pursuant to 42 U.S.C. § 1983.  *See* 28 U.S.C. §§1441 and 1446.  The Plaintiff is incarcerated at the Simonet Detention Center in Denver, Colorado.

The Court must construe the Complaint liberally because Mr. Williams is not represented by an attorney.  ***See Haines v. Kerner***, 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for ***pro se*** litigants.  ***See Hall***, 935 F.2d at 1110.   The Court has reviewed the complaint and has determined that it is deficient.  For the reasons

discussed below, Mr. Williams will be ordered to file an amended complaint.

Mr. Williams alleges in the Complaint (ECF No. 1-4) that he suffered a slip and fall in his jail pod on December 9, 2012, while he was cleaning the floor because he was not supplied with a pair of non-slip boots.  Plaintiff asserts that Defendant Wilson failed to ensure that the pod had floor drains built into the bathrooms and shower-room for overflowing water.  Mr. Williams alleges that he was placed on pain medication by Denver Health nursing staff after his slip and fall, but the medication was ineffective. Furthermore, he was not seen by a Denver Health doctor for nine days.  The doctor denied Plaintiff further pain medication.

Mr. Williams further alleges that he pinched a nerve in his back on December 15, 2012, but Defendant Deputy Sharp refused to call the nurse because Plaintiff's condition was "not life-threatening."  (ECF No. 1-4, at 2).  When Mr. Williams saw a doctor on December 17, 2012,  he was prescribed pain medication for a pinched nerve and back strain.  However, nursing staff denied Plaintiff his medication that evening. Plaintiff further alleges that he was denied a medical mattress that he needed to alleviate his back pain.

Mr. Williams asserts that the Defendants were negligent and that they were deliberately indifferent to his injuries and pain, in violation of the Eighth Amendment.

The Prisoner Complaint is deficient because Mr. Williams fails to allege specific facts to show the personal participation of the Defendants in a violation of his constitutional rights.  Personal participation is an essential element of a civil rights action.  **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976); **Kentucky v.**

*Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993).  A supervisor, such as Defendant Wilson or Defendant Martinez, can only be held liable for their own deliberate intentional acts.  **See Ashcroft v. Iqbal**, 556 U.S. 662, 676 (2009); **Serna v. Colo. Dep't of Corrections**, 455 F.3d 1146, 1151 (10th Cir. 2006) ("Supervisors are only liable under § 1983 for their own culpable involvement in the violation of a person's constitutional rights."); **see also Fogarty v. Gallegos**, 523 F.3d 1147, 1162 (10th Cir. 2008) ("[Section] 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation.").

Furthermore, a local government entity such as the City and County of Denver is not liable under 42 U.S.C. § 1983 solely because its employees inflict injury on a plaintiff.  **Monell v. New York City Dep't of Social Servs.**, 436 U.S. 658, 694 (1978); **Hinton v. City of Elwood, Kan.**, 997 F.2d 774, 782 (10th Cir. 1993).  A plaintiff seeking to hold a municipality or county liable for his injuries under § 1983 must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged.  **City of Canton, Ohio v. Harris**, 489 U.S. 378, 385 (1989); **Myers v. Oklahoma County Bd. of County Comm'rs**, 151 F.3d 1313, 1316-20 (10th Cir. 1998).  Plaintiff cannot state a claim for relief under § 1983 merely by pointing to isolated incidents.  **See Monell**, 436 U.S. at 694.

Mr. Williams' Eighth Amendment claim against Denver Health is also governed

by the *Monell* standard.  Pursuant to COLO. REV. STAT. § 25-29-103(1), Denver Health and Hospital Authority, is a political subdivision of the state that operates the health system.  Denver Health may therefore be sued for alleged civil rights violations by its employees pursuant to 42 U.S.C. § 1983 if those actions were taken pursuant to an official policy or custom.  ***See Villalpando v. Denver Health & Hosp. Auth***., No. 01-1450, 65 F. App'x 683, 686-87 (10th Cir. April 14, 2003) (generally observing that Denver Health and Hospital Authority is a "person" subject to municipal liability under § 1983).

    Finally, Mr. Williams may use fictitious names, such as Jane or John Doe, if he does not know the real names of the individuals who allegedly violated his rights.  However, if Mr. Williams uses fictitious names he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service.  Plaintiff must also allege specific facts to show that the defendant was personally involved in a deprivation of his constitutional rights.  Accordingly, it is

    ORDERED that Plaintiff, Davon Q. Williams, file **within thirty (30) days from the date of this order,** an amended complaint that complies with the directives in this order.  It is

    FURTHER ORDERED that Plaintiff shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

    FURTHER ORDERED that, if Plaintiff fails to file an amended complaint that complies with this order within the time allowed, the Court may dismiss this action without further notice for the reasons discussed above.

DATED March 5, 2013, at Denver, Colorado.

                                    BY THE COURT:

                                    s/ Boyd N. Boland
                                    United States Magistrate Judge